JOEL GREEN, *By Next Friend*
KENNETH GREEN,

    Petitioner,

v.                                          Case No. **20-CV-1699-SCD**

**STATE OF WISCONSIN,**

    Respondent.

## RECOMMENDATION TO DISMISS PETITION ON RULE 4 REVIEW AND ORDER DENYING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS

    Kenneth Green, as *next friend* of Joel Green, has filed a petition for a writ of habeas corpus, alleging that Joel Green is confined in the State of Wisconsin in violation of the U.S. Constitution. *See* ECF No. 1. The matter was randomly assigned to this Court, and Joel Green consented to magistrate judge jurisdiction. ECF No. 3. Because it plainly appears that the petition has no merit, I recommend that the petition be dismissed on preliminary review.

### IN FORMA PAUPERIS

    Before reaching the merits, I will address the filing fee. Kenneth Green filed a motion to proceed *in forma pauperis*. ECF No. 4. In his request, Kenneth Green indicates that Joel Green has three dependents, and he has no assets. ECF No. 4. However, on November 30, 2020, the clerk's office received the filing fee, assigning it a receipt number of 4689084693. The deposit of the filing fee therefore moots Green's motion, see ECF No. 4. Therefore, I will deny Green's motion to proceed *in forma pauperis* as moot.

# RULE 4 ANALYSIS

According to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, district courts must promptly review habeas petitions filed pursuant to § 2254. Under Rule 4,

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During this initial review, I generally analyze three issues: whether the petitioner has set forth cognizable constitutional or federal law claims, whether the petitioner has exhausted available state remedies, and whether the petition is timely. Here, the petition fails at each of these steps, but most importantly the petition fails to set forth cognizable constitutional or federal law claims.

First, Kenneth Green filed this petition *as next friend of* Joel Green; however, Kenneth Green fails to assert any basis justifying *next friend* standing. While *next friend* standing "has long been an accepted basis" justifying standing in habeas corpus proceedings, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). To the contrary, "[t]he burden is on 'the next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court, which requires satisfying "two firmly rooted prerequisites." *Id.*

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . . and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Id.* Accordingly, because "a next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition, . . . . [a] next-friend applicant, among other things, must therefore explain why the detainee did not sign and verify the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (internal citations omitted). Failure to do so, as here, renders "'the court . . . without jurisdiction to consider the petition.'" *Id.* (citing *Weber v. Garza,* 570 F.2d 511, 513 (5th Cir. 1978)).

Here, Kenneth Green fails to make any assertion justifying why he should be granted *next friend* standing. Although he shares the same surname and writes the word "trustee" next to his name, he fails to allege any relationship he has with the petitioner or to cite any reason that would prevent the petitioner from asserting his rights personally. In short, he fails to explain why "the real party in interest cannot appear on his own behalf." *Whitmore*, 495 U.S. at 163–64. Therefore, I recommend that the district court dismiss this petition, without prejudice to the rights of Joel Green. *See c.f. Watson v. Bett*, No. 06-C-0476, 2006 WL 11178-9, at *1 (E.D. Wis. Apr. 24, 2006) (recognizing that dismissal should not affect the ability for the petitioner to bring a habeas petition).

Second, Kenneth Green styles this petition as a petition seeking a "non-statutory federal writ of habeas corpus." ECF No. 1 at 1. However, petitions seeking a writ of habeas corpus for those confined in state custody, as Joel Green is here, are governed by 28 U.S.C. § 2254. *See Berghuis v. Smith*, 559 U.S. 314, 325 (2010) ("Because [petitioner] is 'in custody pursuant to the judgment of a State court,' the Antiterrorism Effective Death Penalty Act of 1996 (AEDPA), § 2254, governed . . . review of his application for federal habeas corpus relief."). Indeed, the Supreme Court has "long recognized that 'the power to award the writ by any of the courts of the United States, must be given by written law,'" which Congress

3

enacts. *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (quoting *Ex parte Bollman*, 8 U.S. 75, 94 (1807)); *see also Lindh v. Murphy*, 96 F.3d 856, 868 (7th Cir. 1996), *rev'd,* 521 U.S. 320 (1997) (recognizing that "collateral review of judgments accordingly is subject to legislative control"). Therefore, despite the petition's purported seeking of a non-statutory writ of habeas corpus, this petition remains governed by 28 U.S.C. § 2254.

Third, the petition fails because it is devoid of any cognizable habeas claims. Though largely unclear, many of the arguments contained in the petition appear centered on Kenneth Green's contention that the State of Wisconsin lacks the authority to convict Joel Green because the State of Wisconsin is merely a territory. *See* ECF No. 1 at 9 (asserting that "Wisconsin is not a state admitted into 'this Union' . . ."). Among other things, the petition also asserts that the trial should have been conducted by the Supreme Court in Washington, D.C., rather than in Milwaukee, Wisconsin. *Id.* at 4.

Contrary to Kenneth Green's assertion, the State of Wisconsin is a state of the United States, not a territory. *See* Act of May 29, 1848, ch. 50, 9 Stat. 233 ("That the State of Wisconsin be, and is hereby, admitted to be one of the United States of America, and is hereby admitted into the Union on an equal footing with the original States, in all respects whatever . . ."). To the extent that the petition argues Joel Green never consented to citizenship of the State of Wisconsin, the Seventh Circuit "has instructed district courts to summarily reject the worn argument that a defendant is sovereign." *Bey v. United States*, No. 1:16-CV-01347-JBM, 2016 WL 5723655, at *2 (C.D. Ill. Sept. 29, 2016); *see also United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (recognizing that sovereign defendant arguments are "patently frivolous"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (same). For these

reasons, I conclude that the petition plainly demonstrates an absence of any cognizable habeas claims.[1] It should therefore be dismissed.

## CONCLUSION

Accordingly, the motion to proceed *in forma pauperis*, ECF No. 4, is **DENIED as moot**. In addition, I recommend that Green's petition, ECF No. 1, be **DISMISSED**; that this action be **DISMISSED**; and that a certificate of appealability be **DENIED**. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally" "unless all parties to the action have consented to the magistrate judge's authority"). The clerk of court is directed to randomly assign this case to a district judge for consideration of this recommendation.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a

---

[1] The petition is also deficient for a litany of other reasons. It fails because Kenneth Green fails to indicate whether Joel Green presented and exhausted his claims in state court. See *Cuffie v. Wisconsin Res. Ctr.*, No. 09-C-1064, 2009 WL 4030498, at *1 (E.D. Wis. Nov. 20, 2009) (recognizing that "[a]n application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that petitioner has exhausted state remedies"). It fails to indicate what conviction Joel Green is challenging, and thus I cannot determine the timeliness of this petition.

Further, in contravention to the directive set forth in Rule 2(d) that all petitions seeking the writ of habeas corpus "must substantially follow either the form appended to the Rules Governing Section 2254 Cases in the United States District Courts or a form prescribed by a local district-court rule," here, the petition fails to track such forms. In addition, Rule 2 requires that the petition "name as respondent the state officer who has custody," id; however, here, the petition only names the State of Wisconsin as the respondent. Therefore, under Rule 4 analysis, I find that this petition plainly fails to present any cognizable federal claims and that Kenneth Green does not have standing as next friend to stand-in for the petition.

waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated this 21st day of December, 2020.

_____
STEPHEN C. DRIES
United States Magistrate Judge